39 C.C.P.A.(Patents)
**Application of COX.**

**Patent Appeal No. 5902.**

United States Court of Customs and Patent Appeals.

June 30, 1952.

Rehearing Denied Sept. 30, 1952.

Clinton F. Miller, Wilmington, Del., for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in finally rejecting claims 1 to 10, inclusive, and claims 12 to 15, inclusive, in appellant's application for a patent "For Process of Producing Pentaerythritol." Claim 11 was allowed by the examiner.

Claim 1 is sufficiently illustrative of the appealed claims. It reads as follows:

"1. The process for producing pentaerythritol which comprises condensing acetaldehyde with formaldehyde in an aqueous medium in the presence of an alkaline catalyst to form a reaction mixture comprising pentaerythritol and the formate of the catalyst cation, converting said reaction mixture to an aqueous solution comprising pentaerythritol and free formic acid by addition of a substance yielding hydrogen ions in an amount at least chemically equivalent to the formate present, extracting formic acid from said solution with a formic acid solvent which is substan-

tially water-immiscible and nonsolvent for the pentaerythritol, applying heat to evaporate said extracted solution at least to a point at which crystallization takes place, and recovering crystalline pentaerythritol."

Claims 1, 2, 5, 8, and 12 to 15, inclusive, were rejected by the examiner as being too broad and indefinite in defining the solvent used for the extraction of the formic acid.

■ Claims 3, 4, 7, 9, and 10 were rejected as not being readable on the elected species and are, therefore, not before us for consideration.

Appellant's application relates to a process for the preparation of pentaerythritol, which process is claimed to account for the recovery of much higher yields of the pentaerythritol from the crude reaction mixture containing formic acid. Appellant contends his novel step over the prior art is that of extracting the formic acid content of the mixture with a "formic acid solvent which is substantially water-immiscible and nonsolvent for the pentaerythritol" and that "The formic acid is extracted from the reaction mixture prior to the application of heat to concentrate the reaction mixture by evaporation." Appellant claims that by the use of this technique he avoids the formation of noncrystalline syrups, which syrups seriously interfere with the crystallization of pentaerythritol. In his specification appellant has disclosed that the following solvents may be used: " * * * aliphatic ketones such as ethyl butyl ketone, ethyl propyl ketone, methyl propyl ketone, diethyl ketone, etc; aliphatic acetates such as ethyl, propyl, butyl, amyl, hexyl, etc. acetates; and aliphatic ethers such as diethyl ether, diisopropyl ether, etc. are particularly satisfactory."

No references were relied on as anticipatory of the claims but four references were cited to show the state of the art. They are

French Patent (Co. Nationale)
736,379                          Sept. 19, 1932.
Desvergnes "Chimie et Industrie,
  Vol. 29, pages 1263–1267        1933.
Othmer       1,930,146 Oct. 10, 1933.
Evans et al.  2,107,527 Feb. 8, 1938.

We quote from the brief of the Solicitor for the Patent Office the following description of the references, omitting page references as indicated by asterisks:

"The French patent describes the basic reaction between formaldehyde and acetaldehyde in alkaline medium to obtain pentaerythritite (pentaerythritol.) It also recognizes that formic acid in the form of sodium formate is a by-product of the reaction, and proposes to convert the alkaline formate to formic acid by acidifying the crude reaction mixture with hydrochloric acid and then expels the formic acid by evaporating the solution * * *.

"The Chimie et Industrie publication likewise describes the same basic reaction in forming pentaerythritol, using slaked lime as the catalyst, and sulfuric and oxalic acids as a precipitant for the catalyst action * * *.

"The patents to Othmer and Evans et al. disclose the use of solvents for the extraction of formic acid from aqueous solutions containing the same. Othmer * * * employs n-propyl formate as the extracting solvent. Evans et al. * * * states that ethyl ether, or ethyl acetate are old solvents for that purpose, and their contribution is the use of mixed aliphatic ethers."

In his decision the examiner stated that while appellant had, in his specification, disclosed eleven alleged operative compounds, they fell into only three classes; namely, aliphatic ketones, acetates and ethers and that there was no evidence "that all other members of these classes would be operative, or that all members of other classes of compounds having the recited characteristics would be operative. * * * In the instant claims the operative solvents have not been named. The instant claims cover the use [of] not only those solvents illustrated by way of examples but also of others which might be found operative as a result of further experiment."

The Board of Appeals, in affirming the examiner's rejection of the claims as being too broad and indefinite, was of the opinion that they failed to define the invention in the manner required by Section 4888 of the Revised Statutes, 35 U.S.C.A. § 33, and also on the ground that they appear to

be purely functional "in that the solvent must satisfy all the requirements inherent in a process for producing pentaerythritol."

In the board's decision on reconsideration it was further stated "The claims considered on their merits were refused as not properly defining the alleged invention because they are too broad and indefinite and functional at the precise point of asserted novelty." The board said that "A claim which is functional at the exact point of novelty does not possess the definiteness required by the statute," citing General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402.

The board also noted

" * * * The point of novelty of the alleged invention is therefore in the use of a selective solvent to remove formic acid in the particular environment. This asserted novelty is defined in terms of the use of an agent which will accomplish the desired result in the environment."

Before further discussing the grounds of rejection of the appealed claims by the tribunals of the Patent Office, and in order to more clearly point out the issue here presented, it is deemed necessary to make reference to the one allowed claim in appellant's invention. That claim calls for *ethyl ether* as the solvent used in extracting formic acid from the solution and is the only claim in appellant's application which specifically names the extraction solvent.

Claims 5 and 8 are similar to claim 1 but broadly disclose aliphatic ether as the extraction solvent of formic acid and, as noted previously, aliphatic ether is a class which includes other specific solvents of which appellant has disclosed two examples.

The remaining claims on appeal, as in quoted claim 1, merely recite "a formic acid solvent which is substantially water-immiscible and nonslovent for the pentaerythritol."

The rejection of the claims on appeal by the tribunals of the Patent Office as indefinite, functional, and broader than the invention, overlap to some extent. However, since it appears, for reason discused *infra*, that the claims were properly

rejected as too broad, it is considered unnecessary to discuss in detail the grounds of functionality and indefiniteness.

In the case of In re Oppenauer, 143 F.2d 974, 976, 31 C.C.P.A., Patents, 1248, this court stated

" * * * when only a limited number of a large group of chemicals is specifically disclosed as being suitable for a certain process, the mere general reference to the group as a whole in the specification is not sufficient upon which to base a claim to the entire group. * * * the basis for rejecting claims in chemical cases as being unduly broad is the unpredictability of chemical reactions. For instance, the fact that in such cases one acid will effect a given result is no indication that all other acids will do so. Before an applicant is entitled to a group in chemical cases involving compounds which differ radically in their properties, as we said in In re Dreshfield, 110 F.2d 235, 240, 27 C.C.P.A., Patents, 1013, 'it must appear in an applicant's specification "either by the enumeration of a sufficient number of the members of a group or by other appropriate language, that 'the chemicals or chemical combinations' " included in the claims are capable of accomplishing the desired result.' * * * "

In the instant case we think the general reference in claims 5 and 8 to the group as a whole, after setting out only two of its members in the specification, does not constitute the other appropriate language contemplated in the Dreshfield case, supra, such as will support claims to the entire group of aliphatic ethers. Likewise, setting out eleven solvents from three groups does not, in our opinion, constitute such appropriate language as will support the allowance of claims wherein the solvent for extraction of formic acid is defined in the broad and essentially functional language of the rejected claims.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein.