Application of Walter GRIMME, Werner Keil and Heinrich Schmitz.

Patent Appeal No. 6475.

United States Court of Customs and Patent Appeals.

Feb. 9, 1960.

Burgess, Dinklage & Sprung, New York City (Arnold Sprung, New York City, of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of the single claim of appellants' application for a patent on penicillin salts of amino salicylates. The appealed claim reads:

"1. As a new chemical compound, a penicillin salt of an amino-salicylate having the general formula:

in which HX is penicillin in the form of its acid: $R_3$ is a radical containing not in excess of 10 carbon atoms and selected from the group consisting of hydrogen, alkyl, and phenylalkyl radicals: and A is a saturated aliphatic hydrocarbon radical having 2 to 5 carbon atoms."

The following references were relied on by the examiner:

| | | |
|---|---|---|
| Goldberg et al. | 2,493,625 | January 3, 1950. |
| Goldman | 2,547,640 | April 3, 1951. |
| Grimme et al. | 2,701,796 | February 8, 1955. |
| Gewerkschaft etc. (Belgian) | 506,999 | November 30, 1951. |

---

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* *O'Connell*, pursuant to provisions of Section 294(d), Title 28 United States Code.

The application was filed August 31, 1954, and is a continuation in part of application No. 255,748, filed November 9, 1951, on which patent No. 2,701,796 was granted February 8, 1955. Appellants were granted a Belgian patent on November 30, 1951, having a disclosure corresponding to that of their earlier United States application. That patent was published March 27, 1953, more than a year prior to the filing of the appealed application.

The examiner rejected the claim primarily on the ground that it was drawn to the invention claimed in appellants' patent No. 2,701,796, thus its allowance would result in double patenting; and, alternatively, that if the claim was drawn to a different invention then such invention was not supported by the copending application on which the patent was granted, thus allowance of the claim was barred by the Belgian patent.

The board reversed the rejection based on double patenting, but affirmed on the Belgian patent. Accordingly, only the latter ground of rejection is before us.

Since the earlier application on which appellants' patent No. 2,701,796 was granted was copending with the one on appeal and was filed prior to issuance of the Belgian patent it is evident that if such earlier application contained a disclosure sufficient to support the appealed claim the rejection of that claim was improper (35 U.S.C. 120). While the earlier application has not been included in the record, it is presumed, in the absence of a showing to the contrary, that its disclosure corresponds to that of Patent No. 2,701,796, a copy of which appears in the record.

While the formula set forth in the claim is complex, the issue here concerns primarily the piperidine ring, i. e. the combination of the "N" and the CH₂ groups in the right-hand portion of the formula and, accordingly, the remainder of the formula need not be considered in detail.

Appellants' earlier application discloses a broad group of penicillin salts of amino salicylates having formulae generally similar to that of the appealed claim. In most of the compounds disclosed the attachments to the "N" in the right-hand portion of the formula consist of alkyl, aryl, aryl alkyl or alkyl aryl groups, but the specification states that the attachments, together with the "N" may also be a heterocyclic ring, as, for example, a "piperidine ring." The appealed claim is directed to compounds of the piperidine type, while the claims of the patent granted on the earlier application are drawn to those which include aryl and alkyl groups in lieu of the piperidine ring.

It is evident from the disclosure of their earlier application that appellants regarded the compounds of the appealed claim and those claimed in patent No. 2,701,796 as constituting a single generic invention, and it was stated by the examiner in his final rejection in the instant case that an allowable claim generic to all those compounds could have been formulated. In other words, the compounds claimed here represent a subgenus under a patentable genus which was sufficiently disclosed in appellants' earlier application. The application gives nine examples coming within the genus, only one of which involves a piperidine ring.

The basis for the rejection is summed up in the following statement in the board's decision:

"We do not consider this single example [the one last referred to above] as sufficient disclosure to support the number of compounds encompassed by the broad claim on appeal."

The board pointed out that the instant application discloses not only the example of the earlier application, but also four additional examples of compounds falling within the scope of the appealed claim. Since no question has been raised as to the sufficiency of that disclosure, it appears that the Patent Office tribunals were of the opinion that the invention of the appealed claim was sufficiently delineated by five examples but not by one.

■ The question as to the sufficiency of disclosure to support a generic or sub-generic claim in the field of chemistry has frequently been considered by this court and it has been consistently held that the naming of one member of such a group is not, in itself, a proper basis for a claim to the entire group. In re Steenbock, 83 F.2d 912, 23 CCPA 1244; In re Kyrides, 159 F.2d 1019, 34 CCPA 920; and In re Soll, 97 F.2d 623, 25 CCPA 1309. However, it may not be necessary to enumerate a plurality of species if a genus is sufficiently identified in an application by "other appropriate language." In re Dreshfield, 110 F.2d 235, 27 CCPA 1013; In re Oppenauer, 143 F.2d 974, 31 CCPA 1248.

■ What constitutes "other appropriate language" within the meaning of the cited cases will, of course, depend on the circumstances of each particular case. Where the claimed group involves compounds which differ radically from each other it may not be sufficient to identify the group broadly and to name one or two compounds falling within it, In re Cox, 198 F.2d 846, 40 CCPA 720, and cases there cited. On the other hand, in the case of a small and closely related group such as the halogens, the naming of the group should ordinarily be sufficient since nothing of consequence would be added by also naming each of the well known members of the group.

■ In the instant case, as above noted, the claimed compounds form a subgenus under a genus which the examiner found to have been sufficiently disclosed in the earlier application to support an allowable generic claim. The scope of the subgenus was indicated by the statement that the compounds might comprise "a piperidine ring," and one example of a compound containing such a ring was given, together with eight examples of similar compounds which did not include such a ring.

In our opinion that disclosure is sufficient. It is manifestly impracticable for an applicant who discloses a generic invention to give an example of every species falling within it, or even to name every such species. It is sufficient if the disclosure teaches those skilled in the art what the invention is and how to practice it. Here the parent application disclosure expressly points out that piperidino salts formed a definite part of appellants' generic invention, and gives one example of such a compound together with a number of other examples of compounds included in the genus. There is nothing to show that the piperidino compounds involved here differ radically from each other or from the compounds claimed in patent No. 2,701,796. It would appear, therefore, that the examples given are adequate to show those skilled in the art how the invention of the appealed claims is to be practiced. It is to be noted that the four added examples in the instant application, which the examiner and the board found sufficient, coupled with the original example of a piperidine ring compound, to support the appealed claim, involve compounds and procedures quite similar to those of the original example. The added examples, therefore, appear to involve only what could have been readily ascertained by those skilled in the art on the basis of the application disclosure.

Our conclusion that the disclosure of appellants' earlier application is sufficient to support the appealed claim requires reversal of the decision of the Board of Appeals.

Reversed.