59 CCPA

David R. SMITH and Robert P. Zelinski, Appellants,

v.

Samuel E. HORNE, Jr., et al., Appellees.

Patent Appeal No. 8557.

United States Court of Customs and Patent Appeals.

Nov. 18, 1971.

■■■■■■■■■■■■

———◆———

Donald J. Quigg, Bartlesville, Okl. (Phillips Petroleum Co.), attorneys of record, for appellants. J. Arthur Young, E. Eugene Innis, Paul L. Gomory, L. Malcolm Oberlin, Bartlesville, Okl., of counsel.

Dos T. Hatfield, Washington, D. C., Robert W. Furlong, Boston, Mass., for appellees.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Patent Interferences in a three-way interference wherein pro forma priority was awarded against appellants, David R. Smith and Robert P. Zelinski (hereinafter Smith).

Smith is involved on application serial No. 578,166 filed April 16, 1956. The Slocombe application, serial No. 502,189, was filed April 18, 1955, while the application of Horne et al. (hereinafter Horne), serial No. 503,027, was filed April 21, 1955. In the preliminary statement, Smith, the junior party by about a year, alleged no date prior to the filing dates of Horne and Slocombe. Smith was therefore advised that judgment on the record would be entered against him unless good and sufficient cause be shown why such action should not be taken. In response, Smith moved to dissolve the interference on the ground that neither Horne nor Slocombe had a right to make the count. Smith's motion was denied by the primary examiner, the denial was affirmed by the Board of Patent Interferences, priority was awarded against Smith, and that decision was adhered to on request for reconsideration.

Therefore, the only issue on appeal here is whether the parties Horne and Slocombe can make the single count, which reads:

A method for polymerizing 1,3–butadiene which comprises contacting said 1,3–butadiene with a catalyst consisting essentially of (a) a compound corresponding to the formula $R_3Al$, wherein R is an alkyl radical having 2 to 4 carbon atoms and (b) titanium tetraiodide.

After reviewing the applications of Horne and Slocombe, the board made the following findings of fact:

A. *Application Serial No. 502,189 of party Slocombe*

1. The application of Slocombe includes the following disclosure:

(a) (page 2) "The invention is carried out by polymerizing butadiene 1,3 * * * in the presence of * * * catalysts prepared by the interaction of trialkyl aluminum, e. g., triethylaluminum, triisobutyl aluminum, with titanium tetrachloride."

(b) (page 4) "The aluminum compounds in question are interacted with one or more chlorides of titanium or zirconium, the chlorides and *iodides* being *preferred* * * *. The tetrahalides are specially *preferred.* (emphasis added [by board])."

(c) (page 12) The working example describes the polymerization of butadiene with a catalyst prepared from triethylaluminum and titanium tetrachloride.

B. *Application Serial No. 503,027 of party Horne et al.*

1. The application of Horne et al. includes the following original disclosure:

(a) (page 5) "The conjugated diolefin hydrocarbon may be a butadiene 1,3 hydrocarbon, such as butadiene 1,3 (which is the simplest conjugated diolefin) * * *."

(b) (page 6) "The heavy metal catalyst employed is made up of metal atoms connected to radicals capable of joining to metal atoms in organometallic compounds, at least

one of such radicals being an organic radical connected to a metal atom thru a carbon atom, and at least one of the metal atoms being a heavy metal occurring in the 4th to 10th position of the long periods of the periodic table * * *. In this definition of catalyst the term 'radicals capable of joining to metal atoms in organometallic compounds' includes * * * (3) inorganic salt-forming radicals such as halogen atoms (that is fluorine, chlorine, bromine and *iodine* atoms) * * *." (emphasis added [by board]).

(c) (page 8) Catalysts "include the following combinations:

$(R)_3$—M' " + $M_H$—(X')c"

"Preferred catalysts of all the above types are those wherein:
R is an alkyl radical such as ethyl, propyl, butyl * * *
$M_H$ is * * * most *preferably* *titanium*,
X' is halogen, preferably chlorine
M' " is aluminum * * *
c represents the maximum valence of $M_H$"

(d) (pages 21 and 22) Examples 9–16 describe the polymerization of butadiene with a catalyst prepared from $TiCL_4$ and triisobutyl aluminum.

(e) (page 30) Example 86 describes the polymerization of isoprene with a catalyst of $ZrI_4$ and diisobutyl aluminum hydride. (emphasis added [by board]).

The board then concluded:

A. The Slocombe disclosure, taken as a whole, teaches workers of ordinary skill in the art that the catalyst used in the working example on page 12 may be prepared by replacing $TiCl_4$ by $TiI_4$. The count does not require more. The Slocombe application supports the count.

B. The Horne et al. disclosure, taken as a whole, teaches workers of ordinary skill in the art that in their examples 9–16 the catalyst may be prepared by substituting $TiI_4$ for the $TiCl_4$. The Horne et al. application supports the count.

Appellants, citing Prutton v. Fuller, 230 F.2d 459, 43 CCPA 831 (1956), contend that since claims directed specifically to using titanium tetraiodide ($TiI_4$) as a component in the catalyst system first appeared in the Smith application and the other parties in essence copied claims from that application, the burden is on appellees to show a clear disclosure of the invention of the count. Assuming that appellees had such a burden, the board evidently felt that they had met it. We agree.

As noted, appellants' primary reason for asserting that Horne and Slocombe cannot make the count is that, prior to copying the count, neither of them disclosed or claimed the specific use of $TiI_4$ in preference to other titanium halides. In regard to the other limitations in the count, the disclosures and claims of all the parties are essentially the same.

Considering first the Slocombe application, we note that there is disclosed the polymerization of butadiene, isoprene, or mixtures thereof. Butadiene is singled out as the preferred material because it is better, cheaper and more readily available. The sole example in the Slocombe application deals with polymerizing butadiene. Likewise, Slocombe discloses that preferably one component of the catalyst system is trialkylaluminum, e. g., triethylaluminum, triisobutylaluminum, and trioctylaluminum. Triethylaluminum and triisobwtylaluminum are the same particular trialkylaluminums disclosed by Smith as being preferred. As to the second component of the catalyst system, Slocombe discloses that the chlorides and iodides of titanium or zirconium are preferred and that the tetrahalides are especially preferred. As we interpret this, four compounds ($TiCl_4$, $TiI_4$, $ZrCl_4$, and $ZrI_4$) are the ones particularly emphasized by Slocombe. One, $TiCl_4$, is used in the example. Like the board, we do not see where the selection of one of the other three, i. e., $TiI_4$, is beyond that which is clearly and specifically

taught to one of ordinary skill in the art. As such, the Slocombe disclosure supports the count which merely calls for polymerizing butadiene with a catalyst consisting essentially of a trialkylaluminum and titanium tetraiodide.

Appellants contend, however, that there is no recognition of the criticality of selecting $TiI_4$, which they have found to be unique among the titanium tetrahalides in that it produces a novel polybutadiene having at least 85% *cis* 1,4-addition. Appellant submit that it is this feature of the count which makes it patentable, and that Slocombe must disclose such a preference for $TiI_4$, as well as give an example directed to the use of $TiI_4$ in order for his disclosure to be considered sufficient under 35 U.S.C. § 112. In support of that contention, appellants cite Prutton v. Fuller, supra; In re Risse, 378 F.2d 948, 54 CCPA 1495 (1967); and In re Ruschig, 379 F.2d 990, 54 CCPA 1551 (1967).

We note, however, that in Prutton v. Fuller the court pointed to the failure to recognize the "superiority of magnesium sulphonates [as recited in the count] over the sulphonates of other metals in general [as disclosed]" as illustrative of the fact that the applications involved did not indicate any preference for the magnesium sulphonates. As the court stated in that case:

> The question as to whether an application forms a proper support for a claim to a composition which is not specifically disclosed, but which falls among compositions suggested by general language in the application is one which must be determined largely by the particular circumstances of each case. The determining factor is whether the application would fairly suggest to the skilled worker in the art the particular composition claimed, or whether the desirability of that composition could be ascertained only by extensive experimentation. * * * [T]he indication or lack of indication of a preference for the composition, in the application disclosure, is an important factor to be considered in making the determination, since anyone attempting to carry out the disclosure of an application would logically begin with the preferred examples given.

The quoted material is illustrative of the type of considerations taken into account by this court when the question raised is one of support for a claim or a count. Applying this test in the present instance, we think it clear from the foregoing analysis of the Slocombe application that there is indicated in that application a preference for all the limitations of the count, including using $TiI_4$ as the second component of the catalyst system. As the board noted, the sole example in Slocombe is encompassed by the count except for the use of $TiCl_4$, and there is an express teaching in Slocombe that $TiI_4$ (another member of a very limited class) may be substituted for $TiCl_4$.

Slocombe also states that "[t]he present invention provides an elastomeric material * * * having low temperature properties that are outstanding and indeed unique" and that the rubbery polymers produced can be formed "into a wide variety of articles such as pneumatic tires for vehicles, gaskets, sealing rings, fabric coating, flexible tubing and the like, followed by vulcanization to produce a high strength article having excellent flexibility at extreme low temperatures." The fact that Slocombe does not recognize either that additional advantageous features result from the invention or that these advantages are due to the production of a high portion of *cis* 1,4–addition polybutadiene when $TiI_4$ is used, is not significant here since these features are not recited in the count and since they relate more to the reasons why the examiner indicated that the invention of the count was patentable to Smith than they do to the sufficiency of the Slocombe disclosure.

For the foregoing reasons, we agree with the board that the Slocombe application provides a disclosure sufficient under 35 U.S.C. § 112 to support the count, that Slocombe therefore had a right to make the count, and that priority

should be awarded against Smith. While appellees state in their brief that it is unnecessary to go any further since the issue with regard to Horne is moot, Slocombe having been awarded priority over Horne, we think it clear from the discussion relative to the Slocombe application that the same principles would apply in regard to the Horne application and that there is no error in the board's finding of support for the count in the Horne disclosure.

Accordingly, we affirm the decision of the board.

Affirmed.