59 CCPA

**Application of Wilfried KAUFMANN and Klaus Bauer.**

**Patent Appeal No. 8569.**

United States Court of Customs and Patent Appeals.

Dec. 16, 1971.

firming the rejection of claims 1, 5, 6, and 10 of appellants' application entitled "Production of 6–Aminopenicillanic Acid."[1] No claims have been allowed.

The invention relates to a biochemical process for producing 6–aminopenicillanic acid by the hydrolysis or cleavage of a penicillin through the action of a penicillin acylase-producing strain of species of the genus *Proteus,* particularly *Proteus* OX–19.

Claim 1 is illustrative:

1. A process for producing 6–aminopenicillanic acid which comprises reacting a penicillin having the formula

$$R-X_n-CH_2-CO-NH-CH-CH\overset{S}{\diagup\diagdown}C-(CH_3)_2$$
$$O=C-N-CH-COOH$$

wherein n is a whole figure selected from the group consisting of O and 1, X is a member selected from the group consisting of sulphur and oxygen, R is a member selected from the group consisting of alkyl groups having from 2 to 6 carbon atoms inclusive; alkenyl groups having from 3 to 6 carbon atoms inclusive; phenyl; and monosubstituted phenyl groups in which the substituent is a member selected from the group consisting of chloro, bromo, iodo, fluoro, nitro, alkyl groups having from 1 to 6 carbon atoms, inclusive, alkenyl groups having from 3 to 6 carbon atoms inclusive, and alkoxy in which the alkyl groups has [sic] from 1 to 6 carbon atoms inclusive, with a penicillin acylase-producing strain of species of the genus *Proteus.*

Dependent claims 5 and 10 specify the use of *Proteus* OX–19 species of bacteria, and dependent claim 6 specifies benzyl penicillin as the starting material.

The examiner rejected all the claims under 35 U.S.C. § 103 as unpatentable

Donal E. McCarthy of McCarthy, Depaoli & O'Brien, Washington, D. C., atty. of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. E. Martin, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals af-

---

1. Serial No. 542,752 filed April 15, 1966 as a continuation-in-part of application serial No. 22,086 filed April 14, 1960, which is now patent 3,260,653 issued July 12, 1966.

over Huang.[2] The Huang patent discloses producing 6-aminopenicillanic acid by subjecting a penicillin to the action of penicillin acylase-producing strains of several genera, including the genus *Proteus*. It is disclosed that the preferred strains of microorganisms are selected from twenty-seven enumerated species, including *Proteus rettgeri* and *Proteus sphingidis*. The examiner took the position that the selection of the particular penicillin acylase-producing *Proteus* strain claimed, i. e., *Proteus* OX–19, would have been obvious to one of ordinary skill in the art from the teaching in Huang. The board affirmed the examiner and noted that claims 1 and 6, which broadly call for penicillin acylase-producing strains of the genus *Proteus*, might well be considered anticipated by Huang under 35 U.S.C. § 102.

After considering the arguments of counsel concerning the rejection based upon the Huang reference, we agree with the Patent Office that it would have been obvious to one of ordinary skill in the art from the teaching of Huang to use any penicillin acylase-producing strain of species of the genus *Proteus* in the production of 6–aminopenicillanic acid.

The primary issue in this case, however, is not the correctness of the art rejection but whether Huang is available as a reference. That is, appellants rely upon the April 18, 1959 priority date of

their German application[3] to overcome the June 22, 1959 effective filing date of Huang. The examiner and board, stating that the disclosure of the German application must comply with 35 U.S.C. § 112 in order for appellants to obtain the benefit of the filing date thereof in overcoming the Huang reference, found that the German disclosure does not support the claims of the present application. Appellants have for the most part assumed that the German application must satisfy § 112,[4] and it is their position that it does. Therefore, we, too, assume that appellants' German application must support the present claims in accordance with 35 U.S.C. § 112 before it can be used to overcome the Huang reference.[5] The German application discloses a biochemical process for producing 6–aminopenicillanic acid by causing extracts of bacteria to act on penicillins. It states that:

> Found to be particularly well suitable for this purpose are extracts of gram-negative bacteria, for instance Coli, Proteus, Aerobacter aerogenes, Salmonella, and Shigella species.

Only one example was included in the German application as originally filed,[6] and that was directed to the use of Coli bacterium cells to convert sodium penicillin G to 6–aminopenicillanic acid. The solution produced in the example was tested to detect 6–aminopenicillanic acid by comparing it with one of the

---

2. U.S. Patent 3,239,427, March 8, 1966, filed October 12, 1959 as a continuation-in-part of an application filed June 22, 1959.

3. Application F 28,260 IVa/30h, filed April 18, 1959. Both the present application and the parent application claim priority based on this German application.

4. At oral argument appellants raised an issue as to whether foreign priority applications must, in fact, comply with § 112 in order to obtain the benefit of the foreign filing date for purposes of overcoming a reference. This issue was not raised below, the assignments of error and reasons of appeal make no reference to such an issue, and the issue is not dis-

cussed in appellants' brief. We are reluctant to decide such an important issue on the basis of its having been merely mentioned in passing during the oral arguments, and we decline to do so in the present case. *Cf.* In re Wiechert, 370 F.2d 927, 54 CCPA 957 (1967).

5. This is not to foreclose the possibility of having to decide the issue mentioned in footnote 4 in future appeals when it has been properly raised below and fully presented to us for decision.

6. Five other examples were later added to the German application, but since this was done after the effective filing date of Huang, appellants do not rely on this part of the German disclosure.

conventional organisms sensitive to penicillin.

As mentioned, the examiner took the position that the disclosure in the German application is insufficient under 35 U.S.C. § 112 to support the present claims. His reason for finding the German disclosure insufficient was that no species of the genus *Proteus* is exemplified or even mentioned therein. The board agreed with the examiner's reasoning and, in addition, stated:

> Of possibly even greater significance, both the Examiner and appellants appear to have ignored the fact that claims 1 and 6 herein are not directed to the entire genus *Proteus* but only to penicillin acylase-producing strains of species of said genus. It is quite clear that the German application, filed April 18, 1959, did not disclose the concept of this subgenus of *Proteus*, which is limited to penicillin acylase-producing strains of species thereof.

Appellants contend, on the other hand, that the German application need not give an example of a species of the genus *Proteus* in order to comply with § 112. Appellants' position is that in the context of the German disclosure the genus *Proteus* is but one of the genera of bacteria mentioned, and thus should not be considered a disclosed "genus" but rather a "species" or "subgenus" of the disclosed genera. In re Risse, 378 F.2d 948, 54 CCPA 1495 (1967), and In re Grimme, 274 F.2d 949, 47 CCPA 785 (1960), are cited for the proposition that it is not necessary in such instances to give an example of the "species" since the claimed "subgenus" is expressly disclosed in the application which is relied on for priority. It is also contended that the test for establishing operability which is found in the example of the German application as initially filed is in essence a test to determine penicillin acylase-producing activity and that this supports the claim terminology "penicillin acylase-producing strain."

■ We cannot agree with any of appellants' contentions. Under the fact situation presented, we fail to see how the mere inclusion of the genus *Proteus* in a list of gram-negative genera of bacteria used to produce 6-aminopenicillanic acid is sufficient under the description requirement of § 112 to support a claim directed to "a penicillin acylase-producing strain of species of the genus *Proteus*."

Appellants' United States applications and the Huang reference all disclose that only penicillin acylase-producing strains will produce the desired result, and each sets forth detailed tests for determining when strains are penicillin acylase-producing as well as giving representative examples of such strains. The German application does not disclose using penicillin acylase-producing strains of species of the genus *Proteus* nor are there any examples of such strains given.

■ If appellants want to label the genus *Proteus* as a "subgenus" of the genera disclosed in the German application, it appears to us that a penicillin acylase-producing strain of species of this "subgenus" which is now being claimed may then be called a "sub-subgenus." This "sub-subgenus" is not disclosed in the German application except by being generally included within the genus *Proteus*. Therefore, the principles laid down in In re Risse, supra, and In re Grimme, supra, upon which appellants rely, are not applicable to the present fact situation.

Appellants note that the German application sets forth a test for detecting the presence of 6-aminopenicillanic acid, and it is alleged that the inclusion of this test makes inherent the disclosure of penicillin-acylase producing strains. We cannot agree. The test is not designated as one for determining penicillin-acylase producing ability, and we fail to see how the mere presence of such a test in the German disclosure can aid appellants in this case. The German application, even with the test set forth in the example, is entirely too speculative to support the present claims.

Finally, we note that the claims were also rejected as unpatentable over the claims in appellants' parent patent [7] on the ground of double patenting. Since we affirm the rejection based on the Huang reference, there is no need to consider the double patenting rejection, although it is hard to see how in view of recent decisions of this court such a rejection could stand after appellants filed their terminal disclaimer. See In re Vogel, 422 F.2d 438, 57 CCPA 920 (1970).

The decision of the board affirming the rejection of all claims under 35 U.S.C. § 103 as unpatentable over Huang is affirmed.

Affirmed.

7. U.S. Patent 3,260,653, July 12, 1966, filed April 14, 1960. The claims in this patent are directed to producing 6-aminopenicillanic acid with penicillin acylase- producing strains of species of any genus of bacteria, and not specifically with those of the genus *Proteus*.