**In re Leslie N. WILDER, James C. Whitney and Gary G. Matison, Appellants,**

**and**

**Lanier Business Products, Intervenor.**

**Appeal No. 83–1360.**

United States Court of Appeals, Federal Circuit.

June 20, 1984.

Gregor N. Neff, New York City, argued for appellants. With him on the brief were William S. Frommer, New York City, of counsel and Melvin J. Scolnick, Stamford, Conn., of counsel.

Thomas E. Lynch, Washington, D.C., argued for appellee, Patent Trademark Office. With him on the brief were Joseph F. Nakamura, Sol., and Jere W. Sears, Deputy Sol., Washington, D.C.

Eugene S. Zimmer, Atlanta, Ga., argued for intervenor Lanier.

Before BALDWIN, Circuit Judge, NICHOLS, Senior Circuit Judge, and KASHIWA, Circuit Judge.

BALDWIN, Circuit Judge.

This appeal is from a decision of the United States Patent and Trademark Office Board of Appeals (board) rejecting claims 1–16 of appellant's Reissue Application Serial No. 079,171. Claims 1–16 were rejected for appellants' failure to sufficiently allege error required by 35 U.S.C. § 251 and for failure of appellants' oath to meet the requirements of 37 CFR 1.175(a)(5). Claims 14–16 were also rejected as being drawn to subject matter not disclosed in the original patent, U.S. Patent No. 4,051,-540. We reverse the board's rejection of claims 1–16 for failure properly to allege error as required by the statute and regulation but affirm the board's rejection of claims 14–16 on the ground that the disclosure requirement has not been satisfied.

### The Invention

The invention claimed in U.S. Patent No. 4,051,540 (the original patent) is a mechanism for indicating the location of information recorded on a dictating machine. A person speaking into a dictating machine indicates the location of instructions on a recording medium, such as a magnetic tape, by recording control tones at the beginning or end of the instructions. A person transcribing dictated information rewinds the tape in a transcribing machine. During rewinding, the transcribing machine scans the tape and detects control tones. The locations of detected tones are stored in an electrical circuit and lights appear on a linear array that correlate with the locations of control tones on the tape. After rewinding, the transcriptionist locates specific information by advancing the tape until an indicator aligns with a light in the array.

Claim 1 of the original patent is reproduced below:

1. Apparatus for indicating the location of particular information on a previously recorded record medium, said particular information being represented by predetermined recorded signals, comprising:

scanning means for scanning said record medium;

an array of selectively actuable light emitting sources;

*indexing means for scanning said array of light emitting sources in synchronism with the scanning of said record medium, said indexing means being in actuating relation sequentially with each of said light emitting sources;*

detecting means for detecting the presence of said predetermined recorded signals during the scanning of said record medium to produce an actuating signal; and

temporary storage means for temporarily storing said actuating signal until said indexing means is in actuating relation with an unenergized light emitting source to energize said light emitting source. [Emphasis added.]

Claims 1–13 of the Reissue application are the same as claims 1–13 of the original patent. Unlike the original claims, reissue claims 14, 15, and 16 do not require that lights be scanned "in synchronism with the scanning of said record medium." Accordingly, the original claims are directed to a species while the reissue claims are directed to the genus of indicating mechanisms

that visually identify positions on a recording medium when the recording medium is scanned.

### OPINION

*Error Rejections*

The first order of business for the board and for this court is to determine whether appellants have satisfied the requirements of 35 U.S.C. § 251 and 37 CFR 1.175. *In re Clark*, 522 F.2d 623, 625, 187 USPQ 209, 211 (CCPA 1975); *In re Rowand*, 526 F.2d 558, 559, 187 USPQ 487, 488 (CCPA 1975).

 The statute, 35 U.S.C. § 251, provides, in pertinent part, that:

> Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application for reissue.

There are two distinct statutory requirements that a reissue oath or declaration must satisfy. First, it must state that the patent is defective or partly inoperative or invalid because of defects in the specification or drawing, or because the patentee has claimed more or less than he is entitled to. Second, the applicant must allege that the defective, inoperative, or invalid patent arose through error without deceptive intent. The applicants satisfied the first requirement by alleging less was claimed in the original patent than the patentee was entitled to claim. The only issue is whether error correctable through reissue was properly alleged.

The error alleged in the first declaration filed by the inventors was that:

[t]he true scope of the invention disclosed in the patent was not fully appreciated by us or by our attorney * * * until the commercial success of the "Thought Master" record/playback device was found to be based, at least in part, on the linear array of fixed, selectively energizable light elements, each being selectively energized to provide a visual light mark in response to a detected predetermined signal, and each being associated with a respective length of record tape, which is provided in the electronic indicator incorporated in the said "Thought Master" record/playback device * * *.

The attorney who prosecuted the original patent stated in a declaration accompanying the reissue application:

3. That I did not fully appreciate the true nature and scope of the invention disclosed in the original application and thus did not prepare claims of broad enough scope to provide the patent protection to which the invention properly is entitled.

 * * * * * *

6. My failure to fully appreciate the true nature and scope of the invention disclosed in the original application was without fraudulent or deceptive intention, and arose from inadvertence, accident or mistake.

In a subsequent declaration, the attorney further elaborated on the cause of his error with the following explanations:

7. The invention disclosed in said original application was incorporated into a dictating machine sold by the assignee of said patent under the trademark "Thought Master". When said patent issued, sales of this device had only recently begun. Subsequently, in the latter half of 1978, said assignee began marketing a modified version of a dictating machine, identified as the "Thought Master II" machine. Differences between these versions of the Thought Master dictating machines are described below.

8. In the summer of 1979, I conferred with James C. Whitney, the only one of

the inventors still employed by the assignee, regarding the question of the scope of protection secured by said patent. Particularly, Mr. Whitney requested that I investigate the scope of said patent to determine if it adequately covered both versions of the Thought Master machine, and also if said patent adequately protected the broad invention disclosed therein from what Mr. Whitney believed to be possible attempts by competitors of the assignee who, in the future, might try to exploit said invention.

9. In accordance with Mr. Whitney's request, I investigated the claims of said patent in light of the prior art of which I then was aware. From my investigation, I concluded that said patent could support broader claims whose scope, broadly, is the combination of a linear array of fixed, selectively energizable light elements, each being selectively energized from an inactive condition to an active condition to provide a visual light mark representing its active condition, a detector for detecting a predetermined signal as the record tape, upon which the predetermined signal is recorded, is being scanned to produce an actuating signal, a storage device for storing the actuating signal and an energizing circuit for energizing a respective light element, commensurate with the location of the record tape being scanned, with the stored actuating signal so as to provide, upon scanning the record tape, a display of the relative locations of the predetermined signals on the record tape. I further concluded that the limitations in the broadest claim of said patent, quoted above in paragraph 5, is [sic] not essential for practicing the broad teachings of the invention disclosed in said patent, and I advised Mr. Whitney that, because of this limitation, the scope of the patent was not adequate to protect the invention properly.

10. I recognized, when I investigated the claims of said patent, that my speculation of the prior art, as hereinabove stated, was unwarranted and erroneous.

These statements in the declarations accompanying the reissue application show that the error relied upon is the attorney's failure to appreciate the full scope of the invention. That error arose because the attorney assumed the presence of features in the prior art that were not there. The board concluded this is not error that may be corrected through reissue because the defect could have been discovered during prosecution of the original patent. The board said, "[t]here may have been a lack of prescience of the existence of a genus but such lack of prescience does not constitute an error in the sense of section 251."

■ The error provision of 35 U.S.C. § 251 is to be liberally construed to permit correction of defects. *Ball Corp. v. United States*, 729 F.2d 1429, 1436, 221 USPQ 289, 294 (Fed.Cir.1984); *In re Oda*, 443 F.2d 1200, 1203, 170 USPQ 268, 270 (CCPA 1971). An attorney's failure to appreciate the full scope of the invention is one of the most common sources of defects in patents. The fact that the error could have been discovered at the time of prosecution with a more thorough patentability search or with improved communication between the inventors and the attorney does not, by itself, preclude a patent owner from correcting defects through reissue. In this case, the attorney's error was discovered after commercialization of the invention and issuance of the patent. An application for broader claims was filed within two years after the original patent issued. Under these circumstances, the attorney's explanation of his error in misunderstanding the scope of the invention is sufficient to satisfy the error requirement of 35 U.S.C. § 251. We accordingly reverse the board's rejection for failure to allege error correctable through reissue.

■ The examiner also rejected appellants' application for failure to comply with the requirements of 37 CFR § 1.175(a)(5). The board affirmed this rejection without comment. The regulation relied on by the examiner and the board requires:

1.175 *Reissue oath or declaration .*

(a) Applicants for reissue * * * must also file with their applications a statement under oath or declaration as follows:

\* \* \* \* \* \*

(5) Particularly specifying the errors relied upon, and how they arose or occurred.

The examiner found that applicants failed to allege facts that explain how the error arose. This finding is clearly erroneous. *In re De Blauwe*, 736 F.2d 699, 704 (Fed. Cir.1984). The attorney who prosecuted the patent declared that his error, misunderstanding the scope of the invention, arose because no prior art search was done and he assumed limitations were required by the prior art without justification. This, in our view, is a sufficient explanation of how the error arose to satisfy the requirements of 37 CFR § 1.175(a)(5).

### Disclosure Rejection Of Claims 14–16

▌ The board rejected claims 14–16 for inadequate description to support generic claims that do not require synchronous scanning. The description requirement is found in 35 U.S.C. § 112 and is separate from the enablement requirement of that provision. *In re Bowen*, 492 F.2d 859, 864, 181 USPQ 48, 52 (CCPA 1974); *In re Smith*, 481 F.2d 910, 914–15, 178 USPQ 620, 623–25 (CCPA 1973). It is not necessary that the claimed subject matter be described identically, but the disclosure originally filed must convey to those skilled in the art that applicant had invented the subject matter later claimed. *In re Kaslow*, 707 F.2d 1366, 1375, 217 USPQ 1089, 1096 (Fed.Cir.1983). Precisely how close the original description must come to comply with the description requirement of section 112 must be determined on a case by case basis. *In re Smith*, 458 F.2d 1389, 1395, 173 USPQ 679, 683 (CCPA 1972). We fail to see that the board's finding of inadequate description * is clearly erroneous. *In*

*re De Blauwe*, 736 F.2d at 704 (Fed.Cir. 1984), and accordingly affirm the board's rejection of claims 14–16.

Appellants admit that the synchronous scanning equipment is the only embodiment of the invention disclosed in the original patent. To overcome the board's decision, appellants' point out that the description of one of the drawings says that dictation apparatus illustrated in the drawing is "one in which the present invention finds ready application." Appellants also note that the title of the patent "Instruction Indicating Apparatus For A Record And/Or Playback Device" is quite broad. The general description of a drawing and the broadly phrased title of the patent demonstrate, appellants contend, that other embodiments are contemplated and are sufficient to satisfy the disclosure requirement. These phrases relied upon by appellants demonstrate a desire to claim the invention as broadly as the prior art would allow. But a desire to claim as broadly as possible is the objective of most applicants for a patent. This subjective desire does not establish that the broader invention being claimed in this reissue application is adequately described in the original patent. The broadly worded title of the original patent and customarily broad description of the drawing do not satisfy the description requirement in this case.

Appellants also rely on statements in the Objects of the Invention section of the specification to satisfy the description requirement. The Objects of the Invention may, in some cases, provide support for claims sought through reissue. *In re Handel*, 312 F.2d 943, 136 USPQ 460 (CCPA 1963). They do not satisfy the disclosure requirement in this case. For instance, one of the recited objects says:

> [I]t is an object of the present invention to provide improved indicating apparatus for indicating the location of particular

---

\* The inquiry into whether the description requirement is met is a question of fact. *In re Wertheim*, 541 F.2d 257, 262, 191 USPQ 90, 96 (CCPA 1976); *In re Ruschig*, 379 F.2d 990, 996, 154 USPQ 118, 123 (CCPA 1967).

information on a record medium which overcomes the aforenoted problems.

The "aforenoted problems" relate to difficulties associated with paper scales graduated in minutes previously used to note the approximate place on a tape where instructions were located. In our view the board correctly read the Objects of the Invention as doing little more than outlining goals appellants hope the claimed invention achieves and the problems the invention will hopefully ameliorate. But the invention that achieves these general objectives must still be described. Appellants have not shown that the generic invention of claims 14–16 is supported by the original patent's disclosure in such a way as would indicate possession, as of the original filing date, of that generic invention. The present situation is to be distinguished from this court's recent decision in *In re Peters*, 723 F.2d 891 (Fed.Cir.1983), brought to our attention by appellants. In *Peters*, the appellant successfully rebutted the PTO's rejection by proving that the broadened claims "merely omit an unnecessary limitation [the word "tapered"] that had restricted one element of the invention to the exact and non-critical shape disclosed in the original patent." *Id.* at 893. The court further commented: "Indeed, if the reissue claims had been submitted with the original application, it is difficult to perceive how they could have been properly rejected under § 112." *Id.* at 894.

For the foregoing reasons, we *reverse* the board's rejection of claims 1–16 for failure to allege error correctable through reissue and the cause of the error. We *affirm* the board's rejection of claims 14–16 for claiming subject matter not adequately disclosed in the original patent.

REVERSED IN PART AND AFFIRMED IN PART.