Eric C. BIGHAM, Appellant,

v.

Wagn O. GODTFREDSEN, et
al., Appellees.

No. 88–1060.

United States Court of Appeals,
Federal Circuit.

Sept. 21, 1988.

Rudolf E. Hutz, Connolly, Bove, Lodge &
Hutz, Wilmington, Del., argued for appel-

lant. With him on the brief was Richard T.
Foster.

Paul N. Kokulis, Cushman, Darby &
Cushman, Washington, D.C., argued for
appellees. With him on the brief were
Watson T. Scott and Nancy J. Linck.

Before NEWMAN and MAYER,
Circuit Judges, and BALDWIN, Senior
Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Eric C. Bigham, assignor to Pfizer, Inc.,
appeals the decision of the Patent and
Trademark Office Board of Patent Appeals
and Interferences, granting priority of
count 2 of Interference No. 101,339 to
Wagn O. Godtfredsen et al., assignors to
Leo Pharmaceutical Products Ltd.[1] The
board sustained Bigham's claim of priority
with respect to the subject matter of count
3. Bigham also appeals the underlying de-
cision to divide count 1 into counts 2 and 3.

We reverse the decision as to count 2.
The decision to divide count 1 is mooted,
and is vacated.

*Background*

The interference was initially declared on
the sole basis of count 1, which was claim 2
in Bigham's United States Patent No.
4,377,524. Count 1 covered certain com-
plex penicillanic acid compounds having a
side chain containing the substituent "X".
X was defined in count 1 as "chloro, bromo,
iodo, alkylsulfonyloxy having from one to
four carbon atoms, benzenesulfonyloxy and
toluenesulfonyloxy". These compounds
are intermediates in the preparation of cer-
tain pharmacologically active compounds,
by a chemical reaction wherein the X sub-
stituent is the reactive moiety and is elimi-
nated in the reaction product.

On Godtfredsen's motion the PTO split
count 1 into two separate, substitute
counts, as follows:

*Count 2.* A compound of the formula

---

**1.** *Bigham v. Godtfredsen,* Interference No. 101,-
339 (Bd.Pat.App. & Int. July 7, 1987 and recon- sid. Aug. 31, 1987).

wherein X is iodo or bromo.

*Count 3.* A compound of the formula

wherein X is chloro, alkylsulfonyloxy having from one to four carbons, benzenesulfonyloxy and toluenesulfonyloxy.

The PTO based this split on its holding that counts 2 and 3 were patentably distinct from each other.

Godtfredsen relies solely on the disclosure in his British priority application, filed February 13, 1979, for constructive reduction to practice of the subject matter of count 2. This British application shows the claimed class of compounds, wherein X is defined as "a halogen atom"; the application contains a specific example of the compound where X is chloro. Godtfredsen's British application does not name or exemplify the bromo and iodo compounds of count 2. Godtfredsen's later application filed January 24, 1980 in the United States names and exemplifies the bromo and iodo compounds, but this disclosure is too late to predate Bigham.

Bigham's United States application, filed May 16, 1979, names the chloro, bromo, and iodo compounds, and contains a specific example where X is chloro. In addition, Bigham proved actual reduction to practice of the chloro compound before Godtfredsen's British filing date.

Based on Bigham's prior actual reduction to practice of the chloro compound the board awarded priority to Bigham as to count 3. The board held that Godtfred-

sen's disclosure of "halogen" in his British application was a constructive reduction to practice of "fluoro, chloro, bromo, and iodo", and awarded Godtfredsen priority as to count 2.

*The Issue*

The issue on appeal is the correctness of the award to Godtfredsen of priority as to count 2. Godtfredsen does not contest the award of count 3 to Bigham.

*Discussion*

Priority of invention, whereby the patent is granted to the first inventor under the conditions of 35 U.S.C. § 102(g), is determined by interference proceeding, 35 U.S.C. § 135. Bigham argues that the board erred at the threshold of the interference proceeding, in its holding that the inventions claimed in counts 2 and 3 are patentably distinct from each other based on Godtfredsen's experimental data that the bromo and iodo compounds reacted more rapidly, in preparing the final product, than did the chloro compound.

Alternatively, Bigham argues that even if the counts are patentably distinct, then because of Bigham's actual reduction to practice of the chloro species before Godtfredsen's British filing date, Godtfredsen's disclosure in his British application of halogen exemplified by chloro does not meet the requirements of 35 U.S.C. 112, first paragraph, as to the bromo and iodo compounds to which count 2 is limited. Bigham argues that Godtfredsen did not show constructive reduction to practice of the bromo and iodo species until Godtfredsen's United States patent application was filed, and thus, that Bigham should have been awarded priority as to count 2.

Godtfredsen argues that the board correctly held the bromo and iodo compounds to be patentably distinct from the chloro compound; and that because Godtfredsen disclosed the generic class "halogen" in his British application, he constructively reduced to practice the bromo and iodo species of count 2 even though he specifically named only the chloro species in his British application. Godtfredsen's position is that

because his disclosure of the genus halogen predates Bigham's disclosure of the bromo and iodo species, Godtfredsen is entitled to priority as to the bromo and iodo species. Bigham responds that his own specific disclosure of the bromo and iodo compounds predates that of Godtfredsen.

### Constructive Reduction to Practice

■ For the purpose of this discussion we shall first assume that the board did not clearly err in holding, on the evidence adduced, that in this instance the bromo and iodo species are patentably distinct from the chloro species. On this premise, the question becomes whether the Godtfredsen British application constitutes constructive reduction to practice of the invention of count 2. To serve as constructive reduction to practice, the disclosure of the subject matter of count 2 must meet the requirements of 35 U.S.C. § 112, first paragraph:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

*Kennecott Corp. v. Kyocera International Inc.*, 835 F.2d 1419, 1421, 5 USPQ2d 1194, 1196 (Fed.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1735, 100 L.Ed.2d 198 (1988); *In re Wilder,* 736 F.2d 1516, 1520, 222 USPQ 369, 372 (Fed.Cir.1984), *cert. denied,* 469 U.S. 1209, 105 S.Ct. 1173, 84 L.Ed.2d 323 (1985). This requirement applies to priority claims under 35 U.S.C. § 119. *Cross v. Iizuka,* 753 F.2d 1040, 1043, 224 USPQ 739, 741 (Fed.Cir.1985).

The board held that Godtfredsen's disclosure of "halogen" is "tantamount to a disclosure of chloro, bromo, iodo and fluoro". This is not automatic, however. The test is whether the disclosure of "halogen", exemplified by chloro, meets the requirements of § 112 as a written description of the bromo and iodo species in the context of

the specific invention at issue. We review the board's conclusion for clear error. *See, e.g., Utter v. Hiraga,* 845 F.2d 993, 999, 6 USPQ2d 1709, 1714 (Fed.Cir.1988).

The generic term "halogen" comprehends a limited number of species, and ordinarily constitutes a sufficient written description of the common halogen species. Our predecessor court discussed this principle, albeit in *dictum,* in *In re Grimme:*

> [I]n the case of a small and closely related group such as the halogens, the naming of the group should ordinarily be sufficient since nothing of consequence would be added by also naming each of the well known members of the group.

274 F.2d 949, 952, 124 USPQ 499, 501 (CCPA 1960), *overruled on other grounds, In re Smith,* 458 F.2d 1389, 1395, 173 USPQ 679, 683 (CCPA 1972). However, this simple rule does not apply when the count is based on and requires patentable distinction among specific halogens. Count 2 must independently meet the requirements of 35 U.S.C. § 112, the purpose of which is to "ensure that the inventor had possession of the later claimed invention on the filing date of the earlier application." *Kennecott Corp.,* 835 F.2d at 1421, 5 USPQ2d at 1197 (citing *In re Edwards,* 568 F.2d 1349, 1351, 196 USPQ 465, 467 (CCPA 1978)).

Godtfredsen can not invoke one theory of law based on chemistry (i.e. that bromo and iodo are patentably distinct from chloro in the intended chemical reaction) and, having obtained a bifurcation of count 1 on that theory, urge a contrary theory (i.e. that halogen exemplified by chloro comprises disclosure of the bromo and iodo species) in order to obtain priority as to those species. When the board held that there was a patentable distinction between chloro, on the one hand, and bromo and iodo on the other, Godtfredsen's disclosure of halogen and chloro lost the possibility of serving as a "full, clear, concise, and exact", in the words of § 112, written description of the separate invention of the unnamed bromo and iodo compounds. *See, e.g., Martin v. Mayer,* 823 F.2d 500, 505, 3 USPQ2d 1333, 1337 (Fed.Cir.1987) (§ 112 requires that the

disclosure relied on be adequately "specific[ ] as to the claim limitations that characterize the interference count"); *Martin v. Johnson*, 454 F.2d 746, 750, 172 USPQ 391, 394 (CCPA 1972) (from the standpoint of the description requirement, "the *disclosure* requirements of the first paragraph of § 112 [must be] met with respect to the subject matter *now* claimed") (emphasis in original); *cf. Smith v. Horne*, 450 F.2d 1401, 1403–04, 171 USPQ 755, 757–78 (CCPA 1971) (disclosure of titanium tetraiodide and tetrachloride, although not stating that the tetraiodide had superior properties, adequate to support the count to the tetraiodide).

We conclude that, on the premise of patentable distinction between counts 2 and 3, the board erred in holding that Godtfredsen's British application was a constructive reduction to practice of the subject matter of count 2. Thus we need not review whether the counts are indeed patentably distinct. The award of priority to Godtfredsen as to count 2 is reversed.

### Best Mode

Bigham argues that if the bromo and iodo compounds are patentably distinct from the chloro compound, then the "best mode" requirement of 35 U.S.C. § 112 is not met as to bromo and iodo by Godtfredsen's disclosure of halogen and chloro.

The board correctly stated that the "best mode" requirement refers to concealment of what the applicant believed to be the best mode at the time of filing the application. Questions of adequate written description and enablement are not resolved in terms of the best mode requirement. *Randomex, Inc. v. Scopus Corp.*, 849 F.2d 585, 591, 7 USPQ2d 1050, 1055 (Fed.Cir. 1988) (Mayer, J., dissenting); *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1532, 3 USPQ2d 1737, 1742 (Fed.Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987); *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1384–85, 231 USPQ 81, 94 (Fed.Cir. 1986), *cert. denied*, — U.S. —, 107 S.Ct. 1606, 94 L.Ed.2d 792 (1987); *In re Gay*, 309

F.2d 769, 772, 135 USPQ 311, 315 (CCPA 1962).

In this case there is no assertion of concealment. Despite Bigham's argument that Godtfredsen does not show the best mode of carrying out the invention of count 2 because he does not show *any* mode, precedent frames Bigham's argument to be simply that Godtfredsen has not presented a written description of the subject matter of count 2.

### The Substitution of Counts

The issue of the correctness of the division of original count 1 into counts 2 and 3, based on the board's finding of patentable distinction, is mooted by our holding that Godtfredsen's British application is not a constructive reduction to practice of count 2. Godtfredsen presented no other basis for antedating Bigham's United States filing date of May 16, 1979. Since counts 2 and 3 together are indistinguishable from count 1, the decision to substitute counts 2 and 3 for count 1 is vacated.

REVERSED IN PART AND VACATED IN PART.