60 F.3d 843
 36 U.S.P.Q.2d 1510
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Kenneth R. SWARTZEL, Hershell R. Ball and
Mohammed-Hossein Hamid-Samimi.
 No. 94-1482.
 United States Court of Appeals, Federal Circuit.
 June 28, 1995.
 
 Before ARCHER, Chief Judge, CLEVENGER and SCHALL, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Kenneth R. Swartzel, et al. (collectively Swartzel) appeal from the July 28, 1994 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) affirming a final rejection of claims 1-19, 28-35, 46 and 47 of Swartzel's application serial no. 07/880,899 for reissue of U.S. patent no. 5,019,408. We reverse.
 
 DISCUSSION
 
 2
 * The 408 patent has claims directed to a method of ultrapasteurizing a liquid whole egg product. The '899 reissue application seeks to add product and product by process claims directed to the liquid whole egg product to the '408 patent. The board affirmed the examiner's final rejection of the product and product by process claims under 35 U.S.C. Sec. 251 as lacking statutory basis for failure to state "error" capable of being remedied under Sec. 251. Specifically, the board affirmed the examiner's finding that Swartzel had surrendered the opportunity to obtain product claims when he failed to file a divisional application from the '408 patent's grandparent application in response to an examiner's refusal to enter a proposed amendment containing product by process claims.
 
 
 3
 The '408 patent was issued from application serial no. 628,716, which was a continuation of application serial no. 535,718, which was a continuation of application serial no. 311,594, which was a continuation of application serial no. 904,744. All of these applications issued as separate patents covering methods of ultrapasteurizing liquid whole egg products. During the prosecution of the '594 application, Swartzel attempted to file an amendment in response to an office action that canceled all the pending method claims and substituted product by process claims. The examiner refused to enter the amendment on the grounds that "the [proposed] claims are not readable on the elected [by original presentation] invention because the egg product instantly claimed could be made by a process other than the one recited." In response, Swartzel filed a second amendment amending the method claims.
 
 
 4
 The board rejected Swartzel's product and product by process claims in the '408 patent reissue proceeding based on this evidence. The board concluded that the examiner's refusal to enter the product by process claims in the '594 application was "tantamount" to a restriction requirement and that by not filing a divisional application, Swartzel had intentionally surrendered product by process claims. Subject matter that has been intentionally surrendered cannot be recovered under Sec. 251 because there has been no "error." In re Weiler, 790 F.2d 1576, 1582, 229 USPQ 673, 677 (Fed. Cir. 1986). The board further reasoned that because product by process claims are examined as product claims, product claims were also surrendered.
 
 
 5
 Swartzel contends that product claims were never surrendered and thus Weiler does not apply. The reissue declaration (as amended) of the '899 application essentially recites two types of "error" made without deceptive intent that resulted in Swartzel claiming less than he had a right to in the '408 patent. First, Swartzel contends he reasonably believed, incorrectly, that others had successfully made the liquid whole egg product before him and thus he was not entitled to product claims. Second, Swartzel (and his attorney) admits he did not understand how the PTO interprets product by process claims when he attempted to file the unentered amendment in the '594 application. On appeal, Swartzel argues that when he was informed by the examiner that the PTO treats product by process claims as product claims, without regard to process limitations, he did not believe a divisional application could be filed because of his erroneous factual belief that others had created the product first. Swartzel further avers that when he learned that his information had been wrong and that no one else had been successful in creating the product disclosed in the '408 patent, he promptly filed the '899 reissue application.
 
 II
 
 6
 Where the PTO issues a restriction requirement and the applicant responds by canceling claims to the nonelected invention, and then the applicant fails to file a divisional application with the canceled claims, applicant is deemed to have acquiesced to the restriction and is estopped from obtaining by reissue the subject matter of the canceled claims. In re Orita, 550 F.2d 1277, 1280, 193 USPQ 145, 148 (CCPA 1977). This "divisional doctrine" has been strictly construed against reissue applicants claiming "error" in failing to file a divisional application after a restriction requirement. Even if the applicant's representative misunderstood the applicant's instructions, this does not constitute "error" within the meaning of Sec. 251. See Weiler, 790 F.2d at 1582, 229 USPQ at 677. "Section 251 is not a panacea designed to cure every mistake which might be committed by an applicant or his attorney." Orita, 550 F.2d at 1281, 193 USPQ at 149.
 
 
 7
 On the other hand, Sec. 251 is a remedial statute that is to be interpreted liberally. Weiler, 790 F.2d at 1579, 229 USPQ at 675. "Although attorney error is not an open invitation to reissue every case in which it may appear ... the purpose of the reissue statute is to avoid forfeiture of substantive rights due to error made without intent to deceive." Scripps Clinic & Research Found. v. Genentech, Inc., 927 F.2d 1565, 1575, 18 USPQ2d 1001, 1009 (Fed. Cir. 1991) (cites omitted). Accordingly, we decline to extend any mechanical rule against reissue where the PTO's actions are only "tantamount" to a restriction requirement. See 37 C.F.R. Sec. 1.145 (limiting restrictions to amendments that have been entered).
 
 
 8
 Swartzel's declaration establishes that he (and his representative) misunderstood the scope of the product by process claims filed in the '594 application. "An attorney's failure to appreciate the full scope of the invention is one of the most common sources of defects in patents." In re Wilder, 736 F.2d 1516, 1519, 222 USPQ 369, 371 (Fed. Cir. 1984). Had Swartzel known the proper scope of the claims, the amendment would not have been filed because Swartzel did not believe he was entitled to claims of that scope. Thus Swartzel cannot be said to have intentionally forfeited claims covering the liquid whole egg product. He did not understand that to be the scope of the unentered claims when he filed them.
 
 
 9
 The board based its decision affirming the rejection of the claims solely on the events surrounding the prosecution of the '594 application, finding that Swartzel's failure to file a divisional after the examiner refused entry of his amendment precluded recapture of any subject matter in that amendment. Because we conclude that such a per se rule against reissue is inappropriate on these facts, and because we conclude Swartzel's declaration establishes "error without deceptive intention" correctable under 35 U.S.C. Sec. 251, we reverse.[1]
 
 
 
 [1]
 We decline to consider the alternative bases the Solicitor offers for affirming the board's decision, noting that the board did not rely on these bases for rejection and that they were apparently abandoned by the examiner prior to the appeal to the board